UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                                      Case No. **20-CR-00688 WJ**

  -vs-

**JOSE MENDOZA,**

        **Defendant.**

## ORDER DENYING MOTION TO SET CONDITIONS OF RELEASE IN LIGHT OF THE GROWING DANGER OF COVID-19

**THIS MATTER** is before the Court on defendant Jose Mendoza's opposed Motion to Set Conditions of Release in Light of the Growing Danger of Covid-19, filed on August 5, 2020. Doc. 78. The United States opposes the motion. Doc. 80. Mr. Mendoza did not file a reply. The Court denies Mr. Mendoza's motion for the following reasons.

First, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Mendoza] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The only new information presented by Mr. Mendoza is the fact that the risk of infection from Covid-19 did not arise in New Mexico until on or about March 12, 2020, when the first cases of Covid-19 were detected here. The Court detained Mr. Mendoza ten days earlier, on March 2, 2020. *See* Doc. 40. In late May and early June, however, Mr. Mendoza filed two Motions to Modify Conditions of Release, asking

that the Court temporarily release Mr. Mendoza first to see his father before he died, then to go to his father's funeral.  *See* Docs. 63, 66.  Neither motion mentioned that Mr. Mendoza had heightened risk if he contracted Covid-19, *see id.*, even though by then New Mexico was experiencing significant positive tests, hospitalizations, and deaths.  The Court denied those motions because the information contained in them did nothing to rebut the presumption that Mr. Mendoza is both a flight risk and a danger to the community.  *See* Doc. 68.

Mr. Mendoza now requests release because he suffers from three conditions that put him at greater risk of dying if he were to contract Covid-19.  *See* Doc. 78 at 1–2.  But so far, there have been no cases of Covid-19 in the facility where Mr. Mendoza is being held.  *See id.* at 2.  Moreover, there is no indication that the facility is not attending to Mr. Mendoza's medical needs.  *See generally id.*  Furthermore, the facilities in New Mexico that house federal detainees have responded immediately and aggressively to manage the outbreaks that have occurred here, as well as to attend to the medical needs of those who become ill because of the virus.  *See* Doc. 80 at 4–5; *see also* Doc. 80-1.  Mr. Mendoza has not presented sufficient information to rebut the presumption that he is both a flight risk and a danger to the community.  Nor has he addressed how his higher risk of complications from Covid-19 has a material bearing on whether there are conditions of release that will reasonably assure his appearance and the safety of any other person or the community.  *See* Doc. 78 at 2–3.  He simply assures the Court that he will abide by any imposed conditions, and that he "enjoys broad familial and community support."  *See id.*  The proffer provided by the United States, however, suggests that Mr. Mendoza committed the offenses with which he is charged while living in the family home and in the community to

which he now seeks to be returned.  *See* Doc. 40 at 3; Doc. 80 at 2.  In short, Mr. Mendoza has not presented any information that warrants reopening the detention hearing.

Second, Mr. Mendoza has not given the Court a legitimate reason to reconsider its original detention order.  A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them.  *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).  Mr. Mendoza does not suggest in his motion that the Court misapprehended the facts or law, or his position, at the original detention hearing.  *See* Docs. 46, 48.  Nor has he presented any information to suggest that the Court must reconsider its ruling to correct clear error or prevent manifest injustice.  The Court will not reconsider its prior detention order.

**IT IS THEREFORE ORDERED** that defendant Jose Mendoza's opposed Motion to Set Conditions of Release in Light of the Growing Danger of Covid-19 (Doc. 78) is DENIED.

DATED this 8th day of September 2020

_____
Laura Fashing
United States Magistrate Judge